UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARY LOU MCCALL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 07-5447** |
| | * | |
| **FOCUS WORLDWIDE TELEVISION** | * | |
| **NETWORK, INC., PHILLIP HANNAN and** | * | |
| **CHARLENE VANCE** | * | **SECTION "L"(4)** |

## ORDER & REASONS

Before the Court are Plaintiff's Motion for Partial Summary Judgment (Rec. Doc. No. 23) and Defendants' Cross Motion for Partial Summary Judgment and First Motion to Dismiss (Rec. Doc. No. 26). For the following reasons the motions are DENIED WITHOUT PREJUDICE to refile if appropriate after sufficient discovery has taken place.

**I.     BACKGROUND**

Mary Lou McCall is a television journalist who stated that, after a religious experience in Bosnia, she decided to pursue faith-based broadcasting opportunities. Eventually, Ms. McCall began working with Focus Worldwide Television Network, Inc. ("Focus") and Archbishop Phillip Hannan in producing faith-based documentaries and television programs dealing with topics relevant to the Roman Catholic community. Ms. McCall alleges that she became one of two members of Focus (Archbishop Hannan being the other), and that Archbishop Hannan, acting as President of Focus, entered into an employment agreement with Ms. McCall in December of 1993, effective January 1, 1994. Pursuant to this employment agreement, Ms. McCall was to receive a salary of $60,000 per year and a retirement insurance policy with a premium of $10,000 per year. Ms. McCall alleges that Focus has not paid the

premiums on such insurance since 1997.

Further she claims that after Archbishop Hannan became concerned that Ms. McCall might leave her employment with Focus to seek more lucrative employment as a secular journalist, Ms. McCall and Archbishop Hannan, again in his capacity as President of Focus, entered into two additional "employment agreements" on March 20, 2003, that granted Ms. McCall complete job security at Focus for as long as she desired to remain.  The first of these additional employment agreements was a Resolution of the Board of Directors of Focus which states that because she is a shareholder and vice president of the board of directors, "she is in a position to continue in her present capacity as the Director of programming of Focus for as long as she desires."  *See*, Complaint, ¶ XI(a), Rec. Doc. No. 1.  The second of these additional employment agreements was an agreement whereby Archbishop Hannan transferred production equipment to Ms. McCall in consideration of her prior work at Focus and other valuable consideration.  The agreement documenting the transfer stated that Ms. McCall agreed to continue producing programs for Focus "until such time as the Focus mission ceases to exist or until such other time as mutually agreed upon."  *See*, Complaint, ¶ XI(b), Rec. Doc. No. 1.

Ms. McCall alleges that as Archbishop Hannan's health declined, a power struggle within Focus took place.  In April of 2007, Archbishop Hannan sent a notice of a special meeting of the membership of Focus to Ms. McCall and Mr. Charles Read[1] for the purpose of selecting new members, directors and officers.  This special meeting was to take place on May 8, 2007.  Ms. McCall was apparently not a candidate for any position.  On May 2, 2007, Archbishop Hannan advised Ms. McCall by letter that her employment would be terminated effective

---

[1] According to Ms. McCall, Mr. Read was made a member of Focus, but that membership was revoked in March of 2003 by a unanimous consent resolution.

immediately. Ms. McCall claims that the stated reasons for her dismissal were false, did not accurately state the facts, and were intentionally calculated to harm her reputation in the New Orleans broadcasting community.

On September 6, 2007, Ms. McCall filed suit against Focus, Archbishop Hannan and Charlene Vance for improperly terminating her employment with Focus. The Plaintiff asserted the following causes of action: first, for recovery of benefits under ERISA against Focus and Archbishop Hannan; second, for breach of contract against Focus; third, for defamation against Focus and Archbishop Hannan; and fourth, for intentional interference with contract against Charlene Vance and Archbishop Hannan.

**II.      THE MOTIONS**

On April 14, 2008, the Plaintiff filed a motion for partial summary judgment asking the Court to hold that Focus' termination of Ms. McCall was a breach of the contract for lifetime employment. Plaintiff argues that Louisiana law recognizes contracts setting a term of employment, and that such term may be conditioned upon a future event. Although her original employment contract allowed for her termination with two (2) months notice, the Plaintiff argues that the resolution executed by Focus' board granted her lifetime job security. Plaintiff also points to the March 20, 2003, agreement whereby Focus transferred production equipment to her which allegedly altered the parties relationship requiring that the Plaintiff could not be terminated without her consent. Because the Plaintiff had to consent to her termination, which she did not, she argues that the Defendants breached her employment agreements and that she is entitled to summary judgment on that issue.

The Defendants oppose Plaintiff's motion. The Defendants argue that, under Louisiana law, any contract for permanent employment is void as against public policy and such

contracts are read as having an indefinite term and, therefore, are terminable at will. On May 5, 2008, Focus filed a cross motion for partial summary judgment and a motion to dismiss asserting the same arguments. In its motion, Focus moved the Court to dismiss all of Plaintiffs' claims asserting claims for lifetime employment.

The Plaintiff opposes Focus' motion. The Plaintiff argues that Focus' misrepresents the Plaintiff's argument in that she is not asserting that she has a "lifetime" contract, but rather that her employment was for a determinable term: the period during which she wanted to remain employed by Focus. Second, Plaintiff argues that under Louisiana law even if the term of an employment agreement is indeterminable, if the employee provides some special consideration over and above the rendering of services, such a term is acceptable. Plaintiff argues that by agreeing to serve on the board of directors and agreeing to be a member of Focus, she has provided such special consideration. Finally, Plaintiff argues in the alternative that additional time is necessary to take discovery in that the scheduling conference has yet to take place and the only discovery that has taken place is a deposition of Archbishop Hannan, which was taken on an expedited basis due to the Archbishop's medical condition.

## III.     LAW & ANALYSIS

### A.     Summary Judgement Motion Standard

Summary judgment is appropriate in a case if "there is no genuine issues as to any material fact." Fed. R. Civ. P. 56(c). "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact." *In re Vioxx Products Liability Litigation*, 2007 WL 1952964, *4 (E.D. La. July 3, 2007). In determining whether a genuine issue of material fact exists, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). But

because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted." *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).

### B.     Motion to Dismiss Standard

"The district court may not dismiss a complaint under rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  The Court must construe the complaint liberally in favor of the plaintiff, "and all facts pleaded in the complaint must be taken as true." *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).  "In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)).

### C.     Analysis

The Court concurs with the Plaintiff that, without further factual development, it cannot properly rule on these competing motions.  To date, only one deposition has been taken and that has only taken place because of the fact that Archbishop Hannan's health is in decline.  The Court has not yet scheduled its preliminary conference nor scheduled this matter for trial.  Some discovery is necessary to develop these issues, the Court will reserve the parties' right to re-file their motions at an appropriate time in the future.  The Court makes no ruling on the arguments, but merely feels that the motions are premature.

## IV.      CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendants' Cross Motion for Partial Summary Judgment and First Motion to Dismiss is also DENIED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 7th day of August, 2008.

_____
UNITED STATES DISTRICT JUDGE