# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARY LOU MCCALL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 07-5447** |
| | * | |
| **FOCUS WORLDWIDE TELEVISION** | * | **SECTION "L"(4)** |
| **NETWORK, INC., PHILLIP HANNAN and** | * | |
| **CHARLENE VANCE** | * | |

## ORDER & REASONS

Before the Court is Mary Lou McCall's Motion for New Trial (Rec. Doc. No. 105). For the following reasons, the motion is DENIED.

## I.    BACKGROUND

In approximately 1989, Mary Lou McCall began working with Focus Worldwide Television Network, Inc. ("Focus") and Archbishop Phillip Hannan in producing faith-based documentaries and television programs dealing with topics relevant to the Roman Catholic community. Ms. McCall alleges that she became one of two members of Focus (Archbishop Hannan being the other), and that Archbishop Hannan, acting as President of Focus, entered into an employment agreement with Ms. McCall in December of 1993, effective January 1, 1994. Pursuant to this employment agreement, Ms. McCall was to receive a salary of $60,000 per year. Additionally, Focus agreed to pay premiums of $10,000 per year for an insurance policy "funded in her name and on her behalf."[1] Ms. McCall alleges that Focus has not paid the premiums on such insurance since 1999.

Further, Ms. McCall claims that after Archbishop Hannan became concerned that

---

[1] Def.'s Mem. Supp. Summ. J. (Rec. Doc. No. 59-2).

she might seek more lucrative employment as a secular journalist, Ms. McCall and Archbishop Hannan, in his capacity as President of Focus, entered into two additional "employment agreements" on March 20, 2003. These agreements granted Ms. McCall complete job security at Focus for as long as she desired to remain. The first of these additional employment agreements was a Resolution of the Board of Directors of Focus which stated that as a shareholder and vice president of the Board of Directors, "she is in a position to continue in her present capacity as the Director of Programming of Focus for as long as she desires."[2] The second of these additional employment agreements was an arrangement whereby Archbishop Hannan transferred production equipment to Ms. McCall in consideration for her prior work at Focus. The agreement documenting the transfer of equipment stated that Ms. McCall agreed to continue producing programs for Focus "until such time as the Focus mission ceases to exist or until such other time as mutually agreed upon."[3]

Ms. McCall alleges that as Archbishop Hannan's health declined, a power struggle within Focus took place. In April of 2007, Archbishop Hannan sent a notice of a special meeting of the membership of Focus to Ms. McCall and Mr. Charles F. Read[4] for the purpose of selecting new members, directors and officers. This special meeting was to take place on May 8, 2007. Ms. McCall was apparently not a candidate for any position. On May 2, 2007, Archbishop Hannan advised Ms. McCall by letter that her employment would be terminated effective immediately. Ms. McCall claims that the stated reasons for her dismissal did not accurately

---

[2] *See*, Amended Complaint, ¶ XI(a), Rec. Doc. No. 43.

[3] *See*, Amended Complaint, ¶ XI(b), Rec. Doc. No. 43.

[4] According to Ms. McCall, Mr. Read was made a member of Focus, but that membership was revoked in March of 2003 by a unanimous consent resolution.

represent the facts, and were intentionally calculated to harm her reputation in the New Orleans broadcasting community.

On September 6, 2007, Ms. McCall filed suit against Focus, Archbishop Hannan and Charlene Vance for improperly terminating her employment with Focus. The Plaintiff asserted the following causes of action: first, for recovery of benefits under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA") against Focus and Archbishop Hannan; second, for breach of contract against Focus; third, for defamation against Focus and Archbishop Hannan; and fourth, for intentional interference with contract against Charlene Vance and Archbishop Hannan. The Plaintiff further sought a judgment declaring her the owner of certain movable property possessed by Focus, ordering that the movable property be seized and sequestered, and awarding her damages, penalties and royalties for the retail sale of videos.

On August 8, 2008, the Court denied the Plaintiff's Motion for Partial Summary Judgment[5] and Defendants' Cross Motion for Partial Summary Judgment and First Motion to Dismiss[6] without prejudice and preserving the parties' right to re-file their motions after the parties conducted some discovery.

On September 17, 2008, the Plaintiff filed an amended complaint to supplement or clarify the claims asserted in the original complaint. The Defendants have answered and denied liability. The Defendants deny that the claims in the instant case constitute ERISA claims.

The parties filed cross-motions for summary judgment.[7] On April 20, 2009, the

---

[5] Rec. Doc. No. 23.

[6] Rec. Doc. No. 26.

[7] Rec. Doc. Nos. 52 and 59.

Court issued an Order & Reasons denying the Plaintiff's motion for summary judgment and granting the Defendant's motion for summary judgment to dismiss the case for lack of subject matter jurisdiction.[8] The Court found that the agreement between Ms. McCall and Focus did not create an employee benefits plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. The decision to fund an insurance policy with an annual premium of $10,000 in Ms. McCall's behalf likely created a plan. However, after assessing all of the available evidence the Court found that Focus did not establish or maintain a plan with the intent to provide benefits to its employees. The Court noted that the Defendants paid the premiums for Ms. McCall's life insurance policy, but did nothing more, and did not pay the premiums for the policy of any other employee. The agreement did not call for the establishment of an administrative scheme to determine the Plaintiff's payments. Characterizing the plan as "the bare purchase of an insurance policy for a single employee" the Court found that it lacked jurisdiction as the plan at issue was not subject to ERISA.[9]

## II.     THE MOTIONS

Plaintiff Ms. McCall now moves the court to grant a new trial arguing that Ms. McCall's employment agreement constituted not only a "plan," but also a "pension" or "welfare" benefit plan subject to ERISA. Ms. McCall asserts that the evidence shows that the Defendants actively participated in determining Ms. McCall's benefit plan, doing more than simply funding the purchase of such insurance. Further, Ms. McCall argues that new evidence, namely Charlene Vance's ("Ms. Vance") deposition made available on April 20, 2009, compels a reversal of the Court's April 21, 2009 order, or at minimum, a reversal of the Order pending the deposition of

---

[8] Rec. Doc. No. 103.

[9] Rec. Doc. No. 103.

Charlene Vance.

In response, Defendants argue that this is the first instance upon which Plaintiff Ms. McCall asserts that a genuine issue of material fact exists, and in fact both parties had agreed for purposes of previously filed motions that there were no genuine issues of material fact. Further, Defendants argue that Ms. Vance has nothing to do with the negotiation or implementation of Ms. McCall's employment contract, and the allegations against her do not assert in any way that she was involved in the Plaintiff's retirement plan. As Ms. Vance was not yet employed with Focus at the time of the agreement and was not responsible for any business aspects of the agreement, the Defendant argues that the "new evidence" has no bearing on the Court's ruling.

### III.  LAW & ANALYSIS

Since the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, such motions are treated as either a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure or a motion for relief from judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir.1994); *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990); Fed.R.Civ.P. 59(e), 60(b). If the motion is filed within ten days of the rendition of judgment, it shall be governed by Rule 59(e); if the motion is filed after ten days of the rendition of judgment, it shall be governed by Rule 60(b). *Lavespere*, 910 F.2d at 173. In the present case, the Court entered its judgment on April 21, 2009.[10] Ms. McCall's motion was filed on April 28, 2009.[11] Because the Plaintiffs' motion was filed within ten days of the rendition of judgment, it shall be governed by Rule 59(e). *Lavespere*, 910 F.2d at 173.

---

[10] Rec. Doc. No. 104.

[11] Rec. Doc. No. 105.

"Courts in this district hold that a moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; [or] (4) the motion is justified by an intervening change in the controlling law." *Motiva Enters. LLC v. Wegmann*, No. 00-3096, 2001 WL 246414 (E.D.La. Mar. 12, 2001).

In the instant motion, the Plaintiff Ms. McCall argues that by granting the Defendants' motion for summary judgment and dismissing the case, the Court committed an error of law. To the extent that Plaintiff rehashes some of the same arguments that were presented in its motion for summary judgment, reconsideration is not warranted. A Rule 59(e) motion should be used sparingly, and the motion is not a proper vehicle for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

The Plaintiff also argues that the Court was not able to consider critical information concerning the administrative functions of Focus. Ms. McCall suggests that Ms. Vance's deposition is vital because she worked at Focus for the longest period of time and is in the most appropriate position to recall facts relevant to Plaintiff's case. However, the parties filed cross-motions for summary judgment on the issue of whether the agreement between Ms. McCall and Focus created an ERISA plan. In fact, in its memorandum in support of summary judgment, the Plaintiff asserted that the nature of the facts rendered the matter ripe for summary judgment on this issue. As the Plaintiff is not content with the result, she now attempts to manufacture facts that render a summary judgment ruling inappropriate. Under closer scrutiny, these purported

facts do not warrant a reversal of the Court's ruling.

Speculation regarding Ms. Vance's deposition does not require reconsideration of the Court's Order. Plaintiff asserts that it could have obtained evidence from Ms. Vance to support its case. However, Ms. Vance was not employed or associated with Focus when Ms. McCall's employment agreement was signed. Further, the Plaintiff asserted that Archbishop Hannan and Ms. McCall were the only trustees for the plan, and Archbishop Hannan had the "sole fiduciary responsibility to insure the payment of her benefits."[12] Ms. Vance was in no way involved with the implementation of the agreement. Accordingly, the Court finds that Ms. Vance's deposition is not new evidence that necessitates altering or amending the judgment dismissing the case.

Therefore, because the newly available evidence is immaterial to the Court's previous grant of summary judgment for Defendants, and there is no manifest error of law, the Court finds that the Plaintiff's arguments do not rise to the level of warranting a new trial.

## IV.  CONCLUSION

For the reasons stated in the Court's April 20, 2009 Order & Reasons (Rec. Doc. No.103) and herein, IT IS ORDERED that Plaintiff Ms. McCall's Motion for New Trial (Rec. Doc. No. 105) is DENIED.

New Orleans, Louisiana this 6th day of July, 2009.

UNITED STATES
DISTRICT JUDGE

---

[12] *See* Amended Complaint, ¶ XXIII, Rec. Doc. No. 43.